FILED
September 7, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:      SAJ
                Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v<br><br>**(1) GLENN DARTONE JOHNSON**<br>**(2) JAVOR MCCOY**<br><br>Defendant | **Case No: SA:22-CR-00460-OLG**<br><br>**INDICTMENT**<br><br>COUNT 1: 18 U.S.C. §§ 371 & 201<br>Conspiracy to Commit Bribery of Public Official;<br><br>COUNT 2: 18 U.S.C. § 201(b)(1)(A)<br>Bribery of a Public O<br><br>COUNT 3: 18 U.S.C. § 201(b)(2)(A)<br>Receipt of Bribe by a Public Official |

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times relevant to this Indictment:

### PERSONS AND ENTITIES

1. Defendant **(1) GLENN DARTONE JOHNSON** resided in Bexar County, within the Western District of Texas.

2. **GLENN DARTONE JOHNSON** was employed as a contracting officer with the Department of Veteran's Affairs (the "VA") in San Antonio, Texas, specifically as a GS-13 level Supervisory Contract Specialist. **GLENN DARTONE JOHNSON** was therefore a public official within the meaning of 18 U.S.C. § 201(a)(1).

3. **GLENN DARTONE JOHNSON's** responsibilities included evaluating bids from contractors applying to provide services to the VA and awarding contracts to winning bids. Evaluating and awarding bids was an "official act" as defined by 18 U.S.C. § 201(a)(3).

4. Defendant **(2) JAVOR MCCOY** owned and/or operated multiple businesses, including Ready 2 Go Transport Central LLC (R2G Central).

5. R2G Central was registered with the VA as, and purported to be, a Service Disabled Veteran Owned Small Business (SDVOSB). R2G Central provided transportation services for veterans, including ambulance and wheelchair transportation services.

## COUNT ONE
[18 U.S.C. §§ 371 & 201]

6. The Grand Jury incorporates by reference each and every paragraph of this Indictment as though fully reinstated and re-alleged herein.

7. Between in or about July of 2021 and October of 2021, in the Western District of Texas and elsewhere, the Defendants

**(1) GLENN DARTONE JOHNSON**
**(2) JAVOR MCCOY**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to commit an offense against the United States, that is:

    a. **GLENN DARTONE JOHNSON** corruptly demanded, sought, received, accepted, or agreed to receive or accept, anything of value, personally or for any other person or entity, from **JAVOR MCCOY**, in return for being influenced in the performance of any official act in violation 18 U.S.C § 201 (b)(2)(A); and

    b. **JAVOR MCCOY** corruptly gave, offered, or promised anything of value to **GLENN DARTONE JOHNSON**, or any other person or entity, with the intent to influence any official act in violation of 18 U.S.C §(b)(1)(A).

### Object of the Conspiracy

8. The object of the conspiracy was for **GLENN DARTONE JOHNSON** and **JAVOR MCCOY** to use **GLENN DARTONE JOHNSON**'s official position with the VA to take actions favorable to **JAVOR MCCOY** and R2G Central, and to enrich and benefit **GLENN DARTONE JOHNSON** and others through **GLENN DARTONE JOHNSON's** acceptance of payments and other things of value for himself and others from **JAVOR MCCOY** or R2G Central.

### Manner and Means of the Conspiracy

9. On or about August 13, 2021, the VA posted solicitations for bids to fulfill contracts for wheelchair and ambulance services for the VA to a publicly available website.

10. In or about August of 2021, **JAVOR MCCOY** paid **GLENN DARTONE JOHNSON** a total of $100,000. **JAVOR MCCOY** made the payments by placing United States currency into a locker located within a specific San Antonio area gym selected by **GLENN DARTONE JOHNSON**. **GLENN DARTONE JOHNSON** collected the currency.

11. In return, **GLENN DARTONE JOHNSON** provided **JAVOR MCCOY** with information regarding how the two bids would be evaluated by the VA and specific language to use in the bids themselves. **JAVOR MCCOY** edited his bids utilizing the information provided by **GLENN DARTONE JOHNSON**. On or about August 23rd of 2021, **JAVOR MCCOY** submitted or caused to be submitted on R2G Central's behalf, bids for the ambulance and wheelchair contracts to the VA office where **GLENN DARTONE JOHNSON** worked.

12. Once the bids were submitted, **GLENN DARTONE JOHNSON** corruptly used his position and influence within the VA in several ways to ensure that R2G Central's bids were viewed favorably and that R2G Central was awarded the contracts. To accomplish this, **GLENN DARTONE JOHNSON's** actions included, but were not limited to: altering the official selection

criteria for the bids to match what he had told **JAVOR MCCOY**; de-anonymizing the bids to identify which ones had been submitted by R2G Central; overriding his subordinates' recommendation to select a bid other than R2G Central's; and directing a subordinate to specifically choose R2G Central as the awardee for the wheelchair contract.

13. As a result of **GLENN DARTONE JOHNSON'S** actions, R2G Central was awarded the two contracts – one for ambulance services worth approximately $1.4 million dollars, and one for wheelchair services worth approximately $2.6 million dollars.

## Overt Acts

14. In furtherance of the conspiracy, and to achieve the object and purpose thereof, at least one of the co-conspirators committed and caused to be committed, in the Western District of Texas and elsewhere, at least one of the following overt acts, including:

   a. On or about August 13, 2021, **JAVOR MCCOY** placed $65,000 in United States currency into a gym locker within an AnyTime Fitness gym location in San Antonio, Texas.

   b. On or about August 14, 2021, **GLENN DARTONE JOHNSON** collected this $65,000 payment from the AnyTime Fitness gym locker.

   c. On or about August 23, 2021, **JAVOR MCCOY** placed $35,000 in United States currency into a gym locker within an AnyTime Fitness gym location in San Antonio, Texas.

   d. On or about August 23, 2021, **GLENN DARTONE JOHNSON** collected this $35,000 payment from the AnyTime Fitness gym locker.

   e. On or about August 30, 2021, **GLENN DARTONE JOHNSON** signed a document awarding an approximately $1.4 million VA ambulance services contract

   to R2G Central.

  f. On or about September 7, 2021, **GLENN DARTONE JOHNSON** signed a documented awarding an approximately $2.6 million VA wheelchair services contract to R2G Central.

all in violation of Title 18, U.S.C. § 371.

## COUNT TWO
[18 U.S.C. § 201(b)(1)(A)]

  15. The Grand Jury incorporates by reference Paragraphs 1 through 14 set out above as though fully reinstated and re-alleged herein.

  16. Between on or about July of 2021 and October of 2021, the Defendant

### (2) JAVOR MCCOY,

directly or indirectly, corruptly gave, offered, or promised anything of value to a public official, or offered or promised a public official to give anything of value to any other person or entity, with the intent to influence any official act in violation of Title 18, U.S.C. § 201(b)(1)(A).

## COUNT THREE
[18 U.S.C. § 201(b)(2)(A)]

  17. The Grand Jury incorporates by reference Paragraphs 1 through 14 set out above as though fully reinstated and re-alleged herein.

  18. Between on or about July of 2021 and October of 2021, the Defendant

### (1) GLENN DARTONE JOHNSON,

a public official, directly or indirectly, corruptly demanded, sought, received, accepted, or agreed to accept, personally or for any other person or entity, anything of value, in return for being influenced in his performance of an official act. in violation of Title 18, U.S.C. § 201(b)(2)(A).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed.R.Crim.P. 32.2]

### I.

### Conspiracy to Commit Bribery and/or Bribery Violations and Forfeiture Statutes
[Title 18 U.S.C. §§ 371, 201(b)(1)(A)/(b)(2)(A), subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth in Counts One through Three, the United States of America gives notice to Defendants **(1) GLENN DARTONE JOHNSON and (2) JAVOR MCCOY** of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 981(a)(1)(C) ), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

**Title 18 U.S.C. § 981. Civil forfeiture**

> **(a)(1)** The following property is subject to forfeiture to the United States:
> * * *
> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of ... or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

**Title 28 U.S.C. § 2461.**

> **(c)** If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure...

### II.
### Currency

1. $42,379.00 More or Less in U.S. Currency;

### III.
### Money Judgment

A sum of money which constitutes or is derived from proceeds traceable to the violations set forth in the Counts referenced above for which **Defendants (1) GLENN DARTONE JOHNSON and (2) JAVOR MCCOY** are each solely liable.

6

## IV.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of the money judgment, as substitute assets pursuant to Title 21 U.S.C § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL



FOREPERSON OF THE GRAND JURY

ASHLEY C. HOFF
UNITED STATES ATTORNEY

For:   For JUSTIN CHUNG
       Assistant United States Attorney